EBBIE BLYTHE *v*. W. S. PRATT.

LEASE. *Act of lessor in granting railroad right of way. Effect on contract of lease. Damage to lessee. Case in judgment.*

B., after having leased to P. a tract of land for a term of years, gave a license for a railroad to be constructed through the leased premises, and after its construction, for a valuable consideration, conveyed to the railroad company, with warranty of title, a right of way for such road. P., being sued by B. for rent, presented as a set-off thereto a claim against the plaintiff for the damage to the leased premises occasioned by the construction of the railroad, on the ground that the injury resulted from the consent and co-operation of the plaintiff. *Held*, that P. has no right to claim such damages against B., whose license and grant were not a breach of the covenant of quiet enjoyment by P., and did not authorize the railroad company to enter upon the land during his term, nor protect that company against his right to compensation for the damage resulting from such entry. The license and grant were subordinate to P.'s rights, and the damage was the result of the company's act, for which B. is not responsible.

APPEAL from the Circuit Court of De Soto County.

HON. A. T. ROANE, Judge.

On the 28th of January, 1881, Mrs. Ebbie Blythe leased to W. S. Pratt a certain tract of land for a term of four years at a specified annual rent, payable on the 15th of November of each year. Pratt paid the rent for the years 1881, 1882, and 1883, but failed to pay a part of the rent for 1884, and on the 8th of December of the last-named year Mrs. Blythe sued out an attachment against him before a justice of the peace for the balance of the rent due. The justice of the peace rendered a judgment for the plaintiff and the defendant appealed to the circuit court. In the circuit court the parties waived a jury and the case was tried by the judge.

The defendant set up against the plaintiff's demand a claim which he had against her for damages resulting from the construction in 1883 of the New Orleans, Baton Rouge, Vicksburg and Memphis Railroad through the leased premises, with the consent and co-operation of the plaintiff. The defendant's claim for damages against the plaintiff was based on the fact that she first gave the railroad company a license to construct the road through the leased premises, and then, on the 15th of May, 1884, after the construction of the road, conveyed to the company, with a special warranty of title, a right of way one hundred feet wide, through the premises, for a valuable consideration.

The judge found "that defendant's damages are greater than plaintiff's claim for rent," and adjudged "that such damages be recouped against such rent-claim and that this cause be dismissed." A motion for a new trial was overruled and the plaintiff appealed.

*Powell & Buchanan*, for the appellant.

We insist that Pratt was not entitled to recoup his damages against plaintiff's demand in this case, because there had been no breach of the rent-contract by the execution of the deed from Mrs. Blythe to the railroad company. It is contended that this deed was one purporting to convey a fee-simple estate to the lands therein described and that it contained a general covenant of warranty from the grantors to the grantees. If this deed was such as it is contended to be, yet the making thereof would not be a breach of

said rent-contract. When a landlord gives a lease to a tenant for a term of years, two estates are formed out of what before the lease was one only—the fee-simple becomes a leasehold estate in the tenant and a reversionary estate in the landlord. So, when Mrs. Blythe executed the lease-contract to Pratt, all her right and title to the use and enjoyment of the premises for Pratt's term of four years was vested in Pratt beyond possibility of recall. *Crowell* v. *N. O. & N. E. R. R. Co.*, 61 Miss. 631.

But it is said by appellee that though the deed of appellant may have conveyed to the railroad company only such interest in the land as the grantors had, yet the general covenant of warranty therein authorized the railroad company to go upon the land at once, and that such authority conferred was a breach of the covenant of warranty in the contract sued on. This, however, could not be true, because the same reason which makes the deed of the grantor effectual to convey such interest as he has in property, even though that deed purports to convey a larger interest than the grantor has, would confine the terms of a general warranty to the title actually conveyed in the deed.

*A. S. Buchanan,* of counsel for the appellant, argued the case orally.

*D. McKenzie,* for the appellee.

Recoupment was a proper remedy of defense for defendant Pratt, because the damages sustained by him through plaintiff's breach of her contract sued on—as proved in this cause—arose under the same contract and out of the same transaction.

Pratt, as defendant, had the right to recoup and to compel an adjustment of his claim against plaintiff for damages growing out of her breach of the contract sued on. Taylor's Landlord and Tenant, § 374; Waterman on Set-off, §§ 458, 459, 470, 463, 464, and 465, also 459 and 460; *Myers* v. *Estell,* 47 Miss. 4; *Bloodworth* v. *Stevens' Admr.,* 51 Miss. 475; *Board of Supervisors of Jefferson County* v. *Arrghi,* 51 Miss. 667.

Mrs. Blythe, under her lease, was bound to secure Pratt quiet enjoyment of the leased premises, Taylor's Landlord and Tenant, §§ 304–305, and for her to enter or disturb her tenant was a tres-

pass for which damages could be recouped against rent. Ib. 459–60; Cooley on Torts 326.

The same liability must follow Mrs. Blythe's hiring the railroad company to trespass on her tenant by licensing and granting to it a right of way for a valuable consideration received.

CAMPBELL, J., delivered the opinion of the court.

Pratt, the tenant, has no right to claim of Mrs. Blythe, his lessor, the damages done him by the railroad company. True, she consented for the railroad company to have the right of way and afterward granted it with a covenant of special warranty of title, but her license to the company, by virtue of which it entered upon the land, did not protect it from liability to Pratt for the damage done him as owner of a term for years, and the grant of the right of way, with special warranty, in May, 1884, did not constitute a breach of the implied covenant for quiet enjoyment by Pratt.

The license which the lessor gave to the company to construct its road was subordinate to Pratt's right to compensation for any injury done him, and it did not purport to protect against his claim to such compensation, and the subsequent grant of the right of way with warranty merely bound the grantors to indemnify the grantee against any loss of title, and not against a claim for damages because of some former act of the grantee. The lessor could not give away the right of the lessee to be compensated for any damage done him as owner of the term. She did not attempt to do it. Neither in the license she gave to the company to enter nor in her subsequent grant of the right of way was there any interference by her with the possession or enjoyment of the leased premises by the tenant. Her license and subsequent grant to the railroad company did not make the molestation of the possession of the tenant her act. It was the act of a stranger, and the consequences of that act cannot be visited on her. She consented for the company to have the right of way. That left it to obtain the consent of the tenant, so far as his interests were involved. That was a matter between the company and the tenant, with

which she did not attempt to interfere. She did not procure the company to enter. It was not her agent or servant in intruding upon the possession of the tenant, and she is not responsible for its act.

*Reversed and remanded.*